IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAVANNA SPENCER, | : |
| | : CIVIL ACTION NO. **3:CV-12-616** |
| Plaintiff | : |
| | : |
| v. | : (Judge Kosik) |
| | : |
| JOHN E. WETZEL, et al., | : (Magistrate Judge Blewitt) |
| | : |
| Defendants | : |

**MEMORANDUM AND ORDER**

FILED
SCRANTON
JUL 17, 2012
PER _____
DEPUTY CLERK

On April 4, 2012, Plaintiff, an inmate at SCI-Frackville, filed, pro se, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed in forma pauperis on April 10, 2012, which we granted on April 26, 2012. (Docs. 6 and 10, respectively). Defendants all returned waiver of service on June 4, 2012. (Doc. 12). Also, on June 4, 2012, Plaintiff filed an Affidavit of Entry of Default, which we denied on June 6, 2012 because Defendants had until June 29, 2012 to file an Answer to Plaintiff's Complaint. (Doc. 15).

On April 18, 2012, Defendants filed the following documents: a Motion to Stay Discovery with a Brief in Support (Docs. 16 and 17, respectively), and a Motion to Dismiss Plaintiff's Complaint and a Brief in Support (Docs. 18 and 19, respectively). On July 5, 2012, Plaintiff filed a Brief in Opposition regarding Defendants' Document 16 Motion to Stay Discovery (Doc. 20) and a Brief in Opposition regarding Defendants' Document 18 Motion to Dismiss Plaintiff's Complaint (Doc. 21).

In his Complaint, Plaintiff alleges that as a result of living in the Restricted Housing Unit, which is under "constant illumination" under a night light out of inmate control, he has experienced deteriorating mental and physical health including vision problems, agitation, an inability to concentrate and some other issues. (Doc. 1, pp. 11-15). As relief, Plaintiff seeks compensatory damages, injunctive relief, and an apology from the involved Defendants. (Doc. 1, p. 16).

Defendants waived service of process, and Plaintiff shortly thereafter served Defendants with four (4) sets of Interrogatories addressed specifically to Defendants Wetzel, Collins, Keller and Lorady. (Doc. 17, p. 2). In response to these Interrogatories, Defendants filed the current motion at issue, a Motion to Stay Discovery and a corresponding Brief in Support (Docs. 16 and 17, respectively).

In their Motion to Stay Discovery and Brief in Support, Defendants aver that Discovery should be stayed pending the final disposition of the Defendants' Motion to Dismiss because the Motion to Dismiss may deem Discovery requests such as the Interrogatories served by Plaintiff as moot and unnecessary. (Doc. 17, p. 2). Defendants state the following in support of their Motion to Stay Discovery:

> The Court has broad discretion to stay discovery pending a dispositive motion. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). A stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay. *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000).
>
> In *Hilton v. W.T. Grant Co.*, 212 F. Supp. 126, 130 (W.D. Pa. 1962), the district court relieved the defendant of answering the plaintiff's interrogatories pending disposition of its motion to dismiss. In support of its decision, it stated:
> This action [staying discovery] was proper inasmuch as the duty of responding to

> interrogatories is an incident to the status of being a party to litigation. Therefore if there is a reason to believe that there is a probability that said corporation may not be a proper defendant and that the action may be dismissed with respect to said corporation, it would be unreasonable to require it to undergo the burden of answering interrogatories until its status as defendant is determined.
>
> The Defendants have filed a Motion to Dismiss the Plaintiff's Complaint, which is pending before this Court. If their Motion is granted, some or all of the Plaintiff's claims against the Defendants may be eliminated or narrowed by the Court's ruling. The Plaintiff has served four Sets of Interrogatories upon the Defendants, which may be rendered moot by the final outcome of the Defendants' Motion to Dismiss and make their answers unnecessary.
>
> There is also no need for the Defendants to answer discovery and produce documents at this early stage of the proceedings. The Plaintiff will suffer no prejudice by any delay in the pursuit of discovery in this case.

(Doc. 17, pp. 3-4).

The Third Circuit, in *Mann v. Brenner*, 375 Fed. Appx. 232, 239-40 (3d Cir. 2010), stated that staying discovery while evaluating a motion to dismiss may be appropriate in certain circumstances. For instance, staying discovery would be appropriate while evaluating a motion to dismiss where, if the motion to dismiss is granted, discovery would be futile. Id. (citing Iqbal, 129 s.Ct. At 1954) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery.").

Furthermore, in *Mann*, the Third Circuit states:

> A Motion to Dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore need not be decided on its face without extensive factual development. *See Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (the purpose of Rule 12(b)(6) is to "streamline [] litigation by dispensing with needless discovery and factfinding); *Chudasama v. Mazda Motor Corp.*, 12 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defied common sense [because t]he purpose

> of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Accordingly, the District Court did not abuse its discretion in staying discovery pending resolution of the motions to dismiss.

Mann v. Brenner, 375 Fed. Appx. at 239-40.

Ultimately, the Third Circuit, in Mann, granted Defendants' Motion to Stay Discovery based on the aforementioned case law to which it referred and cited. In accordance with this precedential Third Circuit decision, we will recommend that this Court grant Defendants' Motion to Stay Discovery as it would be futile to permit discovery at this point in the case with Defendants' Motion to Dismiss still pending. Plaintiff has not argued that the Interrogatories he served Defendants must be answered in order for Plaintiff to be able to respond to Defendants' Motion to Dismiss. In fact, Plaintiff has already filed a Brief in Opposition to Defendants' Motion to Dismiss. (Doc. 21). Therefore, we find discovery at this point is not necessary and would be entirely futile and in contrast to the principles aforementioned by the Third Circuit in Iqbal. Accordingly, we recommend this Court grant Defendants' Motion to Stay Discovery (Doc. 16).

**THOMAS M. BLEWITT**
United States Magistrate Judge

Dated: July 18, 2012