FILED
SCRANTON
OCT 24 2012

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER,

    Plaintiff,

v.

JOHN WETZEL, et al.,

    Defendants.

Civil Action No 3:12-CV-0616

(Judge Kosik)

## MEMORANDUM

Plaintiff, Ravanna Spencer, an inmate currently confined at SCI-Pittsburgh[1], initiated this action on April 4, 2012 by filing a *pro se* complaint that contained claims alleging Eighth Amendment deliberate indifference to serious medical needs and Fourteenth Amendment violation of substantive due process against Defendants[2] John Wetzel, Robert Collins, Michael Lorady, Anthony Kovalchik, and Major Keller, each of whom is an employee of the Pennsylvania Department of Corrections ("DOC"). (Doc. 1). On August 13, 2012, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R") recommending that a motion to dismiss filed by the Defendants be denied and that Defendant Wetzel be dismissed from the case, with prejudice, based on his lack of personal involvement with Plaintiff's claim. (Doc. 26). Plaintiff filed objections to the R&R, a supplement to objections, and a reply to Defendants' brief in opposition to Plaintiff's objections to the R&R. (Doc. 27, 28,

---

[1] We note that Plaintiff was previously confined at SCI-Frackville, but informed the Court of his move to SCI-Pittsburgh on October 1, 2012. (Doc. 31).

[2] As the Magistrate Judge explains:

> Defendant Wetzel is the Secretary of the Department of Corrections. Defendant Collins is Superintendent of SCI-Frackville. Defendant Lorady is Deputy Superintendent of Facilities Management at SCI-Frackville. Defendant Kovalchik is Deputy Superintendent for Centralized Services at SCI-Frackville. Defendant Major Keller supervises facility corrections officers at SCI-Frackville.

(Doc. 26, p. 1-2).

30). Defendants filed a brief in opposition to Plaintiff's objections to the R&R.[3] (Doc. 29). For the reasons which follow, we will adopt the R&R of the Magistrate Judge.

## Procedural History

Plaintiff filed his Complaint on April 4, 2012. (Doc. 1). The case was assigned to Magistrate Judge Blewitt on April 19, 2012. (*See* Docket Sheet). Plaintiff's motion for leave to proceed *in forma pauperis* was granted on April 26, 2012. (Doc. 10). Defendants filed a motion to dismiss and to stay discovery with accompanying briefs in support on June 18, 2012. (Doc. 16, 17, 18, 19). Plaintiff opposed these motions and filed briefs in opposition on July 5, 2012. (Doc. 20, 21). The Magistrate Judge issued an order granting the motion to stay discovery, to which Plaintiff objected. (Doc. 23, 24). On July 31, 2012, this Court dismissed Plaintiff's objections and allowed the order granting Defendants' motion to stay discovery to stand. (Doc. 25).

On August 13, 2012, the Magistrate Judge issued a R&R recommending that Defendants' motion to dismiss be denied with respect to Defendants Collins, Kovalchik, Keller, and Lorady. (Doc. 26). The Magistrate Judge also recommended that Defendants' motion to dismiss with respect to Defendant Wetzel be granted and that Defendant Wetzel be dismissed from this case, with prejudice, based on his lack of personal involvement with Plaintiff's claim. (*Id.*). Plaintiff objected to the portion of the Magistrate Judge's R&R which dismissed Defendant Wetzel from the case. (Doc. 27, 28). Defendants filed a brief in opposition in response to Plaintiff's Objections to the R&R. (Doc. 29). Plaintiff filed a reply

---

[3]Plaintiff argues that Defendants' brief in opposition is untimely because he filed his objections and his supplement to his objections on August 15 and August 19, respectively. We note that Plaintiff's objections and supplements were not docketed until August 20 and August 21, respectively. Thus, Defendants' had fourteen days from the receipt of the supplements to the objections in which to file a brief in opposition. *See* LR 72.2. The supplement was docketed in this Court on August 21. Assuming Defendant's received the supplement on the same date, giving Defendants fourteen days to respond, would make the opposition brief due on September 4, 2012. Defendants' opposition was filed on September 5 making it one day late, but taking into consideration the holiday weekend, we will not construe Defendants' filing as untimely. However, even if we did find that Defendants' opposition was untimely and did not consider the arguments included in their brief, it would not change the outcome in this matter.

to the brief in opposition on September 12, 2012. (Doc. 30).

**Factual Background**

The crux of Plaintiff's Complaint is that Defendants confine inmates in an alleged state of "constant illumination" while housed at SCI-Frackville's Restricted Housing Unit ("RHU") in violation of the Eighth Amendment. (Doc. 1). Plaintiff asserts that the "constant illumination for 24 hours a day under night lighting" was deteriorating Plaintiff's physical and mental health by causing temporary blindness, nearsightedness, permanent vision problems, and other issues. (*Id.*). Plaintiff alleges that the lighting is used only to punish Plaintiff and other inmates and serves no penological interest. Plaintiff's Complaint also alleges that "Plaintiff personally made Defendant Whetzel (sic) aware of the conditions on 4-2-2012 when he came to SCI-Frackville RHU he told me there was nothing he could do which also show his deliberate indifference." (sic) (Doc. 1, p. 4).

**Standards of Review**

**I. Plaintiff's Objections to the Report & Recommendation**

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks*, 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

**II. Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a claim for relief in

any pleading may be defended against based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and must accept all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. *See Phillips v. County of Allegheny*, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); *Nami v. Fauver*, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, *Twombly*, 550 U.S. at 556. Legal conclusions without factual support are not entitled to assumption of truth. *See Ashcroft . Iqbal*, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows conclusory allegations from those allegations supported by

fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677 *quoting Twombly*, 550 U.S. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677. The complaint that shows that the pleader is entitled to relief - or put another way, facially plausible - will survive a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 8(a)(2). We read Plaintiff's filings liberally because of his *pro se* status.

## Discussion

### I. Defendant Wetzel

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements; (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parrat v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). Section 1983 does not create substantive rights; it "merely provides a mechanism for enforcing individual rights 'secured' elsewhere . . . 'One cannot go into court and claim a violation of § 1983 - for § 1983 by itself does not protect anyone against anything.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) *quoting Chapman v. Houston Welfare Rights Org.*, 451 U.S. 287, 294 (1981).

In order for § 1983 liability to be appropriate, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) *quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff

must allege personal involvement, which "can be shown through allegations of personal direction or of actual knowledge and acquiescence," and must be pled with particularity. *Id., see also Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980) (holding civil rights complaint adequate where it states time, place, conduct, and persons responsible); *Hall v. Pa. State Police,* 570 F.2d 86, 89 (3d Cir. 1978) (holding a plaintiff's mere assertions that his rights have been violated "without facts upon which to assess the substantiality of the claim" was insufficient to support a § 1983 action).

Plaintiff's Complaint alleges that Defendant Wetzel's personal involvement consists of an alleged brief conversation the two had during Defendant Wetzel's visit to SCI-Frackville on April 2, 2012. (Doc. 1). Plaintiff alleges that he made Defendant Wetzel aware of the lighting conditions and Defendant Wetzel told Plaintiff there was nothing he could do, apparently showing his deliberate indifference to Plaintiff's situation. (*Id.* at p. 4). The Magistrate Judge found that Defendant Wetzel's response of "there was nothing he could do" did not "remotely approach the level of deliberate indifference required for liability with respect to an Eighth Amendment claim." (Doc. 26, p. 14). Because of this, the Magistrate Judge recommended dismissing Defendant Wetzel from the case based on his lack of personal involvement with Plaintiff's claim. (*Id.* at 13-15).

Plaintiff objected to the Magistrate Judge's recommendation arguing that Defendant Wetzel is liable because he maintained the policy and practice which directly caused Plaintiff's constitutional harm. (Doc. 27). Plaintiff further argues that the conversation between himself and Defendant Wetzel is enough to show that Defendant Wetzel had knowledge of a risk of serious harm and that he disregarded it. (Doc. 28). Defendants responded to these objections, arguing that Plaintiff's allegation of one conversation he had with Defendant Wetzel about the lights is insufficient, by itself, to state a deliberate indifference claim against Defendant Wetzel. (Doc. 29). Plaintiff replies arguing that he has sufficiently stated a claim against Defendant Wetzel by alleging his personal involvement and

has properly alleged a case for supervisory liability based on a theory of policy, practice, or custom. (Doc. 30).

Defendant Wetzel is the Secretary of the Department of Corrections and is not involved in the daily operations of the facilities he oversees. While Plaintiff alleges that he told Defendant Wetzel about his problems with the lights, Plaintiff fails to allege that Defendant Wetzel formally or informally endorsed the lighting system. Plaintiff only alleges that Defendant Wetzel told him "there was nothing he could do." In previous cases, we have found that this is not enough to allege personal involvement. *See Sims v. Piazza*, 2009 U.S. Dist. LEXIS 89345, *18 (M.D. Pa. 2009), *aff'd in part*, 462 Fed. Appx. 228 (3d Cir. 2012). Further, we agree with the Magistrate Judge's finding that "Defendant Wetzel's mere perceived indifference to Plaintiff's complaint, based on his alleged statement that 'there was nothing he could do,' does not remotely approach the level of deliberate indifference required for liability with respect to an Eighth Amendment claim."[4] (Doc. 26, p. 14).

## II. Defendants Collins, Lorady, Kovalchik and Keller

The Magistrate Judge recommends denying the motion to dismiss Defendants Collins, Lorady, Kovalchik, and Keller. (Doc. 26). He explains:

> At this stage in the instant case, prior to the opportunity to conduct discovery, we decline to recommend that the Court grant Defendants' Motion to Dismiss. We stress the Third Circuit has determined that "constant illumination," under certain circumstance, can rise to the level of an Eighth Amendment violation. *See Bacon v. Minner*, 229 Fed. Appx. 96 (3d Cir. 2007) (*citing Keenan v. Hall*, 83 F.3d 1083, 1090-

---

[4] "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,'... [it] must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). Proving that one has been deprived of the minimal civilized measures of life's necessities requires proof that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. *Griffin v. Vaugh*, 112 F.3d 703, 309 (3d Cir. 1997).
Second, "[the] prison official must have a 'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834 *quoting Wilson v. Seiter*, 501 U.S. 294, 297 (1991). "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* "[D]eliberate indifference entails something more than mere negligence...it is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result." *Id.* "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measure to abate it." *Id.* at 847.

> 91 (9th Cir. 1996) (constant illumination so that inmate cannot discern day from night and which causes "grave sleeping problems" and other mental and psychological problems unconstitutional)). Thus, at this point in the present case, before Plaintiff has had the opportunity to conduct discovery, it is premature to conclude that the "constant illumination" Plaintiff alleges absolutely does not rise to the level of an Eighth Amendment violation. Also, at this point, there is no evidence as to the wattage of the bulb used in the night light in Plaintiff's cell and there is no medical evidence showing if the light had any negative effects on Plaintiff's health. Additionally, there is no evidence in our case that the night lights can serve a legitimate penological interest.
> While we recognize the binding authority in support of Defendants' position that low-wattage night and security lights can serve a legitimate penological interest and do not constitute cruel and unusual punishment, we emphasize that those cases binding on this Court have only drawn such a conclusion at the summary judgment stage. *See, e.g., Brown v. Martinez,* 2007 WL 2225842 (M.D. Pa. 2007), and *Sims v. Piazza, supra.*

(Doc. 26, p. 9-10). We agree with the Magistrate Judge's recommendation, and neither party objects. As such, we will deny Defendants' motion to dismiss with regards to Defendants Collins, Lorady, Kovalchik, and Keller.[5]

## Conclusion

Defendants' Motion to Dismiss with regards to Defendant Wetzel will be granted. Defendants' Motion to Dismiss with regards to Defendants Collins, Lorady, Kovalchik, and Keller will be denied.

---

[5] We note that there is some discussion about whether the basis of liability for some of these Defendants is based on Plaintiff's dissatisfaction with the grievance procedure. (Doc. 26, p. 11-13). If, through later filings, it is established that some of the Defendants' personal involvement is based solely on those Defendants' responses to an inmate's grievance and appeals during the grievance process, these Defendants can be properly dismissed. *See Sims v. Piazza,* 462 Fed. Appx. at 231-232, (no constitutionally protected right to a grievance procedure) *citing Massey v. Helman,* 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases); *McGuire v. Forr,* No. 94-6884, 1996 U.S. Dist. LEXIS 3418, *2 n. 1 (E.D. Pa. 1996), *aff'd* 101 F.3d 691 (3d Cir. 1996).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER,

    Plaintiff,

v.     :     Civil Action No 3:12-CV-0616

JOHN WETZEL, et al.,     :     (Judge Kosik)

    Defendants.

### ORDER

AND NOW, this 24th day of October 2012, IT IS HEREBY ORDERED THAT:

1. The August 13, 2012 Report and Recommendation (Doc. 46) of Magistrate Judge Thomas M. Blewitt is ADOPTED;

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 27, 28, 30) are OVERRULED;

3. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 18) is GRANTED, in part, and DENIED, in part;

4. Defendant Wetzel is DISMISSED from this action;

5. The claims against Defendants Collins, Keller, Kovalchik, and Lorady will be allowed to go forward;

6. Defendants Collins, Keller, Kovalchik, and Lorady are directed to file an Answer to the Complaint within twenty (20) days of the date of this order; and

7. The above-captioned case is REMANDED to the Magistrate Judge for further proceedings consistent with this Memorandum and Order.

_____
Edwin M. Kosik
United States District Judge