# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAVANNA SPENCER, : | |
| Plaintiff : | **3:12-CV-00616** |
| : | (Judge Kosik) |
| v. : | (Magistrate Judge Mehalchick) |
| ROBERT COLLINS, et al. : | |
| Respondents : | |

## MEMORANDUM

This matter comes before this Court on the *pro se* Plaintiff's Motion to Compel (Doc. 43) and Motion for Sanctions (Doc. 47). Both motions have been fully briefed, and these matters are ripe for disposition.

**I. BACKGROUND**

In his Complaint, Plaintiff alleges that he Plaintiff alleges that he is currently incarcerated at SCI-Frackville. (Doc. 1 at ¶ 4). He also alleges that there is a policy of having inmates in the Restricted Housing Unit ("RHU") at SCI-Frackville live in "constant illumination" under a night light, which the inmates cannot control. (Doc. 1 at ¶¶ 11-12). He further alleges that the Defendants have been informed through grievances of the Plaintiff's deteriorating "physical and mental health," including temporary blindness "for seconds at a time" and white spots before his eyes. (Doc. 1 at ¶ 13). He also contends that the night light has caused him to be permanently near-sighted and have to wear eyeglasses, and that he is unable to concentrate, is agitated and suffers from other conditions attributable to the RHU night light. (Doc. 1. at ¶ 15). Finally, Plaintiff states

that the night light serves no legitimate penalogical purpose and the Defendants do not need to see into the cells 24 hours a day. (Doc. 1 at ¶ 16).

## II. PLAINTIFF'S MOTION TO COMPEL

In Plaintiff's Motion to Compel (Doc. 43), Plaintiff seeks the production of a number of documents which Defendants have objected to as privileged and confidential. In addition, Defendants have objected to the production of these documents on the grounds that the release of the documents will adversely affect safety and security within the institutions. The documents sought by the Plaintiff include the Plaintiff's mental health records and the Department of Correction's 6.5.1 Policy and Procedures Manual, which addresses the Administration of Security Level 5 Housing Units.

### A. Legal Standard

Federal Rule of Civil Procedure 26(b) provides, in relevant part, as follows:

> (b) Discovery Scope and Limits.
>
> > (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).
>
> > (2) Limitations on Frequency and Extent.
>
> > > (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues.

Although the scope of relevance in discovery is broader than that allowed for evidentiary purposes, it is not without its limits. *Banks v. Beard*, 2013 WL 3773837, *2 (M.D.Pa. July 17, 2013); citing *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D.Pa.1992) (citations omitted). Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. *Id.*; citing *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D.Pa.1982). However, the burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. *Hicks v. Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 529 (E.D.Pa.1996); *Goodman*, 553 F.Supp. at 258. The party objecting must show that the requested materials do not fall "within the broad scope of relevance ... or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dep't.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987).

### B. Plaintiff's Mental Health Records

Plaintiff seeks the production of his mental health records. The Department of Corrections does not normally permit inmates to maintain copies of their medical records,

including mental health records, as it is the position of the Department that the release of these records to inmates will expose mental health treatment staff to possible retaliation by the inmates, and additionally may compromise the treatment process. (Doc. 46). The Court finds the reasons submitted by the Defendants to be persuasive, and that, upon a review of the Declaration of Secretary Wetzel (Doc. 46), the security concerns related to mental health records are justified. Further, while Plaintiff's suit does allege that the night light is causing him to be agitated and "exacerbates his mood disorder" (Doc. 1), Plaintiff's suit does not challenge his mental health treatment. As such, the Court will deny Plaintiff's Motion to Compel the production of his mental health records.

### C. The 6.5.1 Policy and Procedures Manual

Plaintiff also seeks the production of the confidential Department 6.5.1 Policy and Procedures Manual, which involves the safe and secure operations of the institutions. Defendants submit that the release of this manual to inmates would jeopardize the safety and security of the institutions, and that such documents are not normally released to inmates. (Doc. 46). The United States Supreme Court has recognized a qualified government documents privilege. *Kerr v. United States Dist. Court for the No. Dist. Of Cal.*, 426 U.S. 394, 405 (1976). The Court agrees that Defendants' concerns are valid, and that the safety and security concerns of the Defendants and the public in general outweigh any evidentiary benefit the Plaintiff may receive in obtaining the documents. See also, *Paluch v. Dawson*, 2007 WL 4375937, *2-3 (M.D.Pa. December 12, 2007). As such, the Court will deny Plaintiff's Motion to Compel the production of the 6.5.1 Policy and Procedures manual.

### III. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff has also filed a Motion for Sanctions (Doc. 47), in which he seeks sanctions against Defendants for failing to respond to Plaintiff's discovery requests. Specifically, Plaintiff

seeks the "sanction of default" and "any other cost or sanction that this court deems proper and just." (Doc. 48). Defendants object to the Motion for Sanctions on the basis that (1) Plaintiff's motion is premature, given the outstanding motion to compel; and (2) none of the *Poulis* factors apply to Defendants' actions.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a court to impose sanctions on a party who violates an order of the court to "provide or permit discovery." Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismissal of all or part of the action. Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii).

Whether to impose sanctions for failure to comply with discovery orders is committed to the court's discretion. *Banks v. Beard*, 2013 WL 3773837, *9 (M.D.Pa. July 17, 2013); relying on *Flaherty v. M.A. Brunder & Sons, Inc.*, 202 F.R.D. 137, 141 (E.D.Pa. 2001). Any sanction imposed should be just and must be specifically related to the particular claim or claims at issue in the order to provide discovery violated by the offending party. *Banks*, supra; citing *Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The Court is to assess the culpability of the offending party and the prejudice to the party seeking sanctions. See *Estate of Spear v. Commissioner of Internal Revenue*, 41 F.3d 103, 111 (3d Cir.1994). In so doing, Federal Rule of Civil Procedure 37(b)(2) provides a variety of sanctions which a court may impose.

In this matter, sanctions are not warranted. First, as Defendants correctly state, the motion for sanctions was made prematurely, as a motion to compel the discovery at issue was pending before this Court. Additionally, this Court is denying Plaintiff's motion to compel. Defendants advanced appropriate objections to Plaintiff's requests. Finally, none of the *Poulis* factors warrant the imposition of sanctions. In *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d

Cir.1984), the Third Circuit enunciated six factors by which the district courts should be guided when a sanction of dismissal is under consideration. The *Poulis* factors include: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. Although these factors guide the court's decision regarding the sanction of dismissal, each factor need not be satisfied in order for the district court to find that dismissal is warranted. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir.2003)). It is well-settled that no single factor is dispositive. *Id.* at 222.

Given the prematurity of the filing of Plaintiff's Motion for Sanctions, along with the absence of any basis for sanctions against the Defendants, the Court will deny Plaintiff's Motion.

An appropriate Order follows.

BY THE COURT:

Dated: September 12, 2013

*s/ Karoline Mehalchick*
KAROLINE MEHALCHICK
United States Magistrate Judge