FILED
SCRANTON
MAR 17 2014
PER_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER,

    Plaintiff,

v.

JOHN WETZEL, et al.,

    Defendants.

Civil Action No 3:12-CV-0616

(Judge Kosik)

## MEMORANDUM

Before the court are Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Karoline Mehalchick filed December 20, 2013 (Doc. 73), recommending that the Defendant's Motion for Summary Judgment be granted. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Ravanna Spencer, an inmate confined at the State Correctional Institution at Rockview, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on April 4, 2012. Plaintiff's complaint is based on incidents which occurred while Plaintiff was confined at the State Correctional Institution at Frackville in the Restricted Housing Unit ("RHU"). Specifically, Plaintiff complains about the constant illumination for twenty-four (24) hours a day including night lighting and the effects the lighting had on his health. Plaintiff alleges that Defendants violated his Eighth Amendment and Fourteenth Amendment rights. Named as Defendants were Secretary of the Department of Corrections, John Wetzel, who was dismissed from this action; Superintendent of SCI- Frackville, Robert Collins; Deputy Superintendent of Facilities Management at SCI- Frackville, Michael Lorady; Deputy Superintendent for Centralized Services at SCI- Frackville, Anthony Kovalchik; and Major of the Guard, Brian Keller.

On March 27, 2013, Defendants filed a Motion for Summary Judgment, a Statement of Material Facts and supporting Exhibits (Docs. 54, 55, and 57). On April 1, 2013, Defendants filed a Brief in Support of the Motion for Summary Judgment (Doc. 58). On June 24, 2013, Plaintiff filed an Opposition Brief, supporting documents and an opposing Statement of Material Facts (Docs. 63, 64, and 65). Defendants filed a Reply Brief on July 9, 2013 (Doc. 66).

On December 20, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. 73), wherein she recommended that the Defendant's Motion for Summary Judgment be granted.[1] Specifically, the Magistrate Judge found that Plaintiff's complaints that the security lights at SCI- Frackville violated his Eighth Amendment rights and caused him several ailments to be without merit. The Magistrate Judge found that based on the instant record, the nine (9) watt bulb in question amounted to minimal illumination and that there were legitimate security reasons for having the security lights on during the night. As to the Plaintiff's complaints that the light system caused him physical and mental issues, the Magistrate Judge found that Plaintiff only offered his own conclusions without any medical support. Finally, the Magistrate Judge found that based on the lack of credible medical evidence in the record showing harm to Plaintiff, combined with the minimal illumination given off by the nine (9) watt security light, and the legitimate penological interest of prison security, the Plaintiff did not establish a claim of deliberate indifference against Defendants.

On February 11, 2014, Plaintiff filed Objections to the Report and Recommendation of the Magistrate Judge (Doc. 76). Plaintiff raises three objections: (1) Plaintiff objects to the Magistrate Judge's finding regarding the brightness of the light; (2) Plaintiff objects to the Magistrate Judge's finding that Defendants established a legitimate penological interest; and (3) Plaintiff objects to the

---

[1]The Magistrate Judge did not address the issue of exhaustion of administrative remedies, finding the issue to be moot.

-2-


Magistrate Judge's findings that Plaintiff offered no evidence that he suffered any sleep, medical or psychological problems caused by the light and therefore, Defendants were not deliberately indifferent to Plaintiff's health. Defendants filed a brief in opposition to Plaintiff's Objections on February 24, 2014 (Doc. 77).

OBJECTIONS STANDARD

When objections are filed to a Report and Recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); see Sample v. Diecks, 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a Report and Recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249. The court should view the facts in the light most favorable to the non-moving

party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005).

Initially the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257; *see Celotex Corp.,* 477 U.S. at 323-24. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh,* 418 F.3d at 267 *citing Anderson,* 477 U.S. at 251. Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact. *See* Fed. R. Civ. P. 56(e); *Schoch v. First Fid. Bancorp.,* 912 F.2d 654, 657 (3d Cir. 1990).

If the court determines that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then no genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322.

DISCUSSION

The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials not house inmates under conditions that deprive them of one or more basic human needs, such as the basic human need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air. *Helling v. McKinney,* 509 U.S. 25, 32 (1992). Although "the Constitution

'does not mandate comfortable prisons,'...neither does it permit inhumane ones," *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) *quoting Rhodes v. Chapman,* 452 U.S. 337, 349 (1981), and "the treatment a prisoner receives in prison and the condition under which he is confined are subject to scrutiny under the Eighth Amendment, *Id. quoting Helling v. McKinney,* 509 U.S. 25, 31 (1993). At minimum, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id. quoting Hudson v. Palmer,* 468 U.S. 517, 526-527 (1984). The Eighth Amendment also "prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain.'" *Rhodes,* 452 U.S. at 346 *quoting Gregg v. Georgia,* 428 U.S. 153, 173 (1976). "Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Id. citing Gregg,* 428 U.S. at 183; *Estelle v. Gamble,* 429 U.S. 97, 103 (1976).

Not all harms violate the Eighth Amendment, however. *See Farmer,* 511 U.S. at 834: "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,'... [it] must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (internal citations omitted). Proving that one has been deprived of the minimal civilized measures of life's necessities requires proof that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. *Griffin v. Vaughn,* 112 F.3d 703, 709 (3d Cir. 1997).

Second, "[the] prison official must have a 'sufficiently culpable state of mind.'" *Farmer,* 511 U.S. at 834 *quoting Wilson v. Seiter,* 501 U.S. 294, 297 (1991). "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* "[D]eliberate indifference entails something more than mere negligence...it is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result." *Id.* "[A] prison

official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measure to abate it." *Id.* at 847.

In *Brown v. Martinez,* 2007 WL 2225842 (M.D. Pa. July 31, 2007), the court was presented with an excessive light/sleep deprivation claim. The court stated:

> Requiring inmates to live in constant illumination, under certain circumstances, may rise to the level of an Eighth Amendment violation. *See Bacon v. Minner,* 229 Fed. Appx. 96, 2007 U.S. App. LEXIS 9151, 2007 WL 1157138 (3d Cir. April 19, 2007)(*citing Keenan v. Hall,* 83 F.3d 1083, 1090-91 (9th Cir. 1996)(constant illumination so that inmate cannot discern day from night and which causes "grave sleeping problems" and other mental and psychological problems unconstitutional). However, continuous exposure to low wattage night time security lighting may be permissible based on legitimate penological interests, such as prison security concerns. *Turner v. Safley,* 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); *see also Chavarria v. Stacks,* 102 Fed. Appx. 433, 436-37 (5th Cir. 2004)("policy of constant illumination [was] reasonably related to the legitimate penological interest of guard [*27] security"); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987)(continuous lighting in holding cell not unreasonable given security concern); *King v. Frank,* 371 F. Supp. 2d 977, 984-85 (W.D. Wisc. 2005)(constant exposure to a 9 watt fluorescent light which allows prison officials to observe inmates at night did not violate Eighth Amendment standards); *Willis v. Terhune,* 404 F. Supp.2d 1226, 1230-31 (E.D. Cal. 2005)(exposure to 24 hour 13 watt security bulb did not constitute cruel and unusual punishment in absence of evidence of "grave sleeping problems" or other harm).

In *Sims v. Piazza,* 2011 WL 3664797 (M.D. Pa. August 19, 2011), we found that a red light system, that gave off minimal illumination due to a five-watt light bulb and that served the penological interest of safety and security, did not violate the Eighth Amendment. In *Sims,* there was no medical evidence showing that the Plaintiff was physically or mentally harmed by the red light system and no evidence showing that Defendants were deliberately indifferent to Plaintiff. The Court of Appeals for the Third Circuit in an unpublished Per Curiam Opinion, *Sims v. Piazza,* 462 Fed Appx. 228, 2012 WL 562254 (C.A. 3 February 22, 2012), affirmed the portion of the decision dealing with the red light. Specifically, the Court of Appeals held:

> Continuous lighting has been held to be permissible and reasonable in the face of legitimate penological justifications, like the need for security and the need to monitor prisoners (citations omitted).
>
> In this case, it was undisputed that the light at issue is a 5-watt light bulb, which provides minimal illumination. Furthermore, the defendants presented evidence that the red light is used at night for safety and security needs. Specifically, they explained that the red light provides illumination for officers to see the structure of the cell, to identify inmates in their cells, to make sure that inmates were not harming themselves or others, and to allow inmates to safely use the toilet in their cells at night. Although Sims argues that flashlights should be used instead, in light of the deference given to prison officials to set policies to maintain security, *Bell v. Wolfish*, 441 U.S. 520, 547-48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and the explanation given for the choice of the red light, the defendants provided a legitimate penological justification for the policy. Furthermore, although the medical records that Sims submitted showed that he attributed his psychological and physical ailments to the red light, they do not back up his allegations that the red light was the cause of his problems (they do show, however, that he received regular care).

We will now consider Plaintiff's Objections to the Report and Recommendation in light of the instant record and applicable case law. Specifically, we will address Plaintiff's Objections regarding the brightness of the light, the Defendant's legitimate penological interest and Plaintiff's health related issues.

As to the brightness of the light, the record shows that while Plaintiff complained about the brightness of the illumination, he was unaware of the wattage of the night light (Plaintiff's Deposition, Doc. 57, p. 13). Additionally, in response to his complaints, an opaque covering was placed over the light (*Id.* At 16). In the Declarations in support of the Motion for Summary Judgment, Defendants Lorady, Kovalchik and Keller all stated that they were familiar with the lighting in the RHU at SCI- Frackville, that there was a nine (9) watt fluorescent bulb for the security light and that the light from the night lights was minimal (Docs. 57, Pp. 63-72). The Declaration of Defendant Lorady also discusses that the bottom clear panel of the light was replaced with an opaque panel as an accommodation to Plaintiff (Doc. 57, Pp. 65-66).

As to Plaintiff's objection to the Magistrate Judge's finding that Defendant's established a legitimate penological security reason for the night light, the aforesaid Declarations of Defendants state that the night lights in the RHU cells are needed for staff to observe the inmates at night and that staff needs to see inside the cells at all times to confirm that the inmate is present and safe. The night light is used for safety of the staff and the inmates and rounds are conducted in the RHU on an hourly basis (Doc. 57, Pp. 63-72). While Plaintiff asserts that the light was on for 24 hours because it was a policy, that there was no need for the light, and that Defendants could use flashlights and light switches, deference must be given to prison officials to set policy regarding security. Defendants have provided a legitimate penological justification for having 24 hour security lights in the Restricted Housing Unit. Thus, we find no merit to Plaintiff's Objection.

Finally, Plaintiff objects to the Magistrate Judge's finding that Plaintiff offered no evidence that he suffered any sleeping, medical and psychological problems as a result of the security light. While Plaintiff has submitted medical records (Doc. 64, Exhibit B) and Grievances regarding his complaints about the lighting affecting his vision and health (Doc. 57, Ex. 1), the records do not support his allegations regarding the effects on his health. The documents merely indicate that Plaintiff attributed his alleged ailments to the security night light. Moreover, the records show that Defendants were not deliberately indifferent to Plaintiff's complaints, but that Plaintiff was receiving on-going medical care.

Having reviewed the Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge in light of the instant record, we find no merit to the Objections. Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge. An appropriate Order will follow.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER, :
       Plaintiff, :    Civil Action No 3:12-CV-0616
  v. :
        :    (Judge Kosik)
JOHN WETZEL, et al., :
       Defendants. :

**ORDER**

AND NOW, this 17th day of March, 2014, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Karoline Mehalchick dated December 20, 2013 (Doc. 73) is **ADOPTED**;

(2) The Defendant's Motion for Summary Judgment (Doc. 54) is **GRANTED**;

(3) Judgment is hereby entered in favor of the Defendants and against the Plaintiff; and

(4) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

                                                                         Edwin M. Kosik
                                                                         United States District Judge